UNITED STATES DISTRICT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

vs

RODRIQUE AMANUEL, DONALD MINNI
and SCOTT DEMEYER,

            Defendants.
_____

DECISION AND ORDER
05-CR-6075 CJS

# INTRODUCTION

This matter is now before the Court on the government's motion that the Court reconsider its Decision and Order (Docket #39) entered on November 23, 2005, in which the Court granted each defendant's application to suppress any and all evidence derived from the March 19, 2002 state eavesdropping warrant. Specifically, the government maintains that, since the Court did not initially consider its "good faith" argument, reconsideration is appropriate.

# DISCUSSION

**A.     Motion to Reconsider**

The standard for deciding a motion to reconsider in the civil context is relevant for deciding a motion to reconsider in a criminal case. See *United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170 (D.Kan.1999). "'The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Latouche v. North Country Union High School Dist.*, 131 F. Supp. 2d 568, 569

(D.Vt.2001) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)).

*United States v. Fell,* 372 F. Supp .2d 773, 779 (D.Vt. 2005). In this case, the government did raise a good faith argument pursuant to *United States v. Leon*, 468 U.S. 897 (1984) which the Court did not address in its November 23, 2005 Decision and Order. Therefore, the Court will grant the government's application and reconsider whether suppression should be denied based upon the *Leon* good faith exception.

**B.     Good Faith**

The government maintains that:

Even if the affidavit in support of the wiretap warrant for defendant's telephones improperly relied on the clone pager information, the evidence obtained from the telephone wiretaps should still not be suppressed because law enforcement officers relied in good faith on the telephone wiretaps. *Under United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 83 L. Ed. 2d 677 (1984), evidence seized pursuant to a warrant which is later found not to be insufficient [sic] or otherwise defective will not be suppressed if the agents enforcing the warrant relied in good faith on the warrant.

(Government's Motion for Reconsideration of Order Suppressing Wiretap Evidence, December 8, 2005 at 3.)  In a court appearance on December 15, 2005,  the government expanded on its written argument and offered that,

there were two orders authorizing pager intercepts.  Judge Marks signed the first one, Judge Keenan signed the continuing order. Judge Keenan's continuation order included the same language about having to record.  On May 17th Investigator Jackson goes to seal 84 pages of the logs and seals them in front of Judge Keenan, and that's in the book that I gave you.  Judge Keenan signed the order authorizing the sealing, and in the order, the order specifically states he acknowledged that Investigator Lawrence Jackson, "produced to this Court 84 pages of written entries of paged numeric messages sealed constituting the full and complete contents of each and every numeric message intercepted." It's in the order that Judge Keenan signed.  It's also in the

> minutes of the sealing, that's in there as well, that were prepared at the time of the sealing. After that happened on May 17th, 2002, two weeks later, on May 30th, when the investigators go and apply for the wiretap warrants, the Judge to whom they applied was Judge Keenan.
>
> So did they have a conversation wherein Investigator Jackson told Judge Keenan, "Judge Keenan, I want you to know that we didn't record it in the way you worded it in the order?" No, that didn't happen. But Judge Keenan had notice; when he signed the wiretap authorization orders on May 30th, he knew that the clone pager information had been recorded by paper log because he was the Judge before whom that was sealed. And moreover, Judge Keenan, because he had signed the continuation order, which order contained the language requiring the officers to record via computer, knew that the way the pager information was recorded was inconsistent with what he had ordered in his continuation order.

(Transcript of December 15, 2005 Court Proceeding, at 7-8.) The government then summarized its position as follows:

> Now, I guess my point is that, yes, they didn't comply with the terms of the order, and I am not going to stand here and tell you they had valid reasons; it was in writing, they did not comply. But when they applied for that wiretap authorization order, at that point they've got the same judge who signed the continuation order, who signed the sealing order, who knew that the clone pagers had been recorded by paper and not by computer. At that time, the question is when they got that wiretap authorization order did they know that the wiretap was illegal, was invalid, should not have been issued, should have been suppressed; and I submit to the Court, given the facts and in spite of that in this case, they didn't know that because Judge Keenan, the same judge as on the prior warrant signed, and moreover never raises questions about the officer's good faith at the relevant time.

(Transcript of December 15, 2005 Court Proceeding, at 20.) Essentially the government is arguing that since, when Judge Keenan signed the wiretap authorizations, he knew or should have known that the police ignored both Judge Marks' and his direction that the pager interceptions, on which the wiretap applications relied, be captured on a computer, evidence resulting from the wiretaps is, nonetheless, shielded from suppression by the

3

doctrine of good faith. The Court disagrees.

As the Second Circuit observed in *United States v. Reilly*, 76 F.3d 1271 (2d Cir. 1996)

> Though we are sympathetic to the good faith exception and to the notion that evidence seized under a warrant should not be excluded simply because the magistrate erred in issuing the warrant . . . find that the good faith exception does not apply in this case. **Good faith is not a magic lamp for police officers to rub whenever they find themselves in trouble**.

*Id.* at 1280 (emphasis added). Rather, it would seem that the rationale behind the good faith exception is the Supreme Court's conclusion "that suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." *United States v. Leon*, 468 U.S. at 918. It is, of course well, settled that the purpose of the exclusionary rule is to deter police misconduct. *Id.* at 916. Black's Law Dictionary defines misconduct as "a transgression of some established and definite rule of action, a forbidden act, a dereliction of duty, unlawful behavior, willful in character, improper or wrong behavior." Black's Law Dictionary, Sixth Edition, at 999.

On the issue of police misconduct, the Court, in its earlier Decision and Order granting suppression, stated:

> However, here, the Court finds that suppression is, nonetheless required. Specifically, the Court concludes, for the reasons discussed above, that the total and unjustified disregard of the direction to record, as established by the facts and circumstances of this case, does amount to a violation of constitutional magnitude.

(Decision and Order, *United States v. Rodrique Amanuel, Donald Minni and Scott Demeyer*, case # 05-CR-6075, November 23, 2005, at 13.) It can not seriously be argued that the

4

"unjustified disregard of the direction to record" on the part of the police was not misconduct. It was obviously a transgression of a very definite court order, willful in character, improper and wrong.

In analyzing this issue of good faith, the Court again looks to civil law for some enlightenment. There, the doctrine of good faith appears to be inextricably interwoven with the doctrine of clean hands. To put it another way, one whose hands are unclean can not avail himself of good faith. *In re Scheffler*, 86 B.R. 576, 580 (Bkrtcy. W.D. Wis.1986) ("It is part of the good faith requirement that the parties coming before the bankruptcy court seeking relief must enter with clean hands"); *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 126,130 (S.D.N.Y.1999) ("Because a court sitting in equity is 'a vehicle for affirmatively enforcing the requirements of conscience and good faith,' a party 'who comes into equity must come with clean hands' if relief is to be granted." [citations omitted]) Such logic seems very applicable to the unique facts of this criminal case. Here, since the police do not have clean hands, they should not be allowed to hide behind protestations of good faith. Rather, they must be taken to task for their refusal to follow a court mandate, in order to prevent reoccurrence in the future. In considering and applying the relationship between clean hands and good faith in the context of this matter, the Court is reminded of the lyrics of the old Frank Sinatra hit song, "Love and Marriage."[1] As the song says:

---

[1] LOVE AND MARRIAGE
Lyric by SAMMY CAHN
Music by JAMES VAN HEUSEN
© 1955 by BARTON MUSIC CORP. Copyright Renewed and Assigned to BARTON MUSIC CORP. and CAHN MUSIC COMPANY
All Rights for CAHN MUSIC COMPANY Administered by WB MUSIC CORP.
Lyrics reprint with the permission of Alfred Publishing Co., Inc.
All Rights Reserved

    Love and marriage, love and marriage
    Go together like a horse and carriage
    This I tell you brother
    You can't have one without the other.

## CONCLUSION

Accordingly, while the government's motion to reconsider is granted, and upon such reconsideration, the Court finds, on the facts of this case, that the *Leon* good faith exception does not apply.

It is So Ordered.

DATED:    Rochester, New York
            January 31, 2006

                                    ENTER.

                                    <u>/s/ Charles J. Siragusa</u>
                                    CHARLES J. SIRAGUSA
                                    United States District Judge